IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JENNIFER SENA,

      Plaintiff,

vs.                        No. CIV 02-0290 RB/LAM

YVETTE HARAN, TODD FROATS,
RICHARD GARCIA and JOHN or JANE DOE
POLICE OFFICERS or POLICE SUPERVISOR
DEFENDANTS 1 through 10, INDIVIDUALLY
AND IN THEIR OFFICIAL CAPACITIES AS
LAS CRUCES POLICE OFFICERS; THE CITY OF
LAS CRUCES, A Municipal Corporation in
The State of New Mexico; JOHN OR JANE DOE
GOVERNMENTAL ENTITY DEFENDANTS
1 through 10,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants' Motion to Strike Jury Demand (Doc. 49), filed on January 23, 2004, and Plaintiff's Motion to Amend Complaint to Include Parties (Doc. 56), filed on March 1, 2004. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1367. Having reviewed the submissions of the parties and the relevant law, I find that the motion to amend is not well-taken and should be denied, and that the motion to strike jury demand is well-taken and should be granted.

**I.      Background.**

Plaintiff (Sena) filed this 42 U.S.C. §1983 case on March 14, 2002, alleging that she was unlawfully arrested and subjected to excessive force in violation of 42 U.S.C. §1983 and supplemental claims.

The incident at issue occurred on March 17, 2000. On March 14, 2002, Sena filed her original Complaint, alleging claims under 42 U.S.C. §1983 against the named police officer defendants and their supervisors for unlawful arrest and excessive force in violation of the Fourth, Fifth and Fourteenth Amendments. She also asserted state law claims against the police officer defendants and the City of Las Cruces under the theory of *respondeat superior* for assault, battery, false arrest, false imprisonment, and intentional infliction of emotional distress.

**II.    Discussion.**

    **A.    Motion to Amend Complaint to Include Parties.**

Sena moves to amend her complaint to name Las Cruces Police Officer Frank Pezzano and Metro Narcotics Agent Irene Paz as defendants. Sena states that the proposed amended complaint states no new causes of action, the amendment relates back to the original complaint, and that justice requires that the amendment be granted. Defendants respond that the statute of limitations has run and the amendment does not relate back because there was no mistake in identity and Paz and Pezzano had no notice that they would be sued before the statute of limitations expired.

After a responsive pleading has been filed, a plaintiff may amend the complaint only by leave of the court or upon written consent of the adverse parties. FED. R. CIV. P. 15(a). Leave to amend shall be freely granted when justice so requires. *Id.* However, if the court determines that there has been undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice, or futility of the amendment, leave to amend may be denied. *Foman v. Davis*, 371 U. S. 178 (1962).

Defendants argue that the proposed amendment is futile because the statute of limitations has

expired since the filing of the original complaint. The parties do not dispute that the statute of limitations has run. Sena counters that the amended complaint relates back, under FED. R. CIV. P. 15(c), to the date of her original complaint that was filed within the statutory period.

    Rule 15(c) provides in pertinent part:

> An amendment of a pleading relates back to the date of an original pleading when . . . . (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

FED. R. CIV. P. 15(c).

    Sena contends Pezzano and Paz should have known that, but for a mistake in identity, the action would have been brought against them. Sena has known that Pezzano and Paz were involved in the incident since before February 28, 2003. Pezzano and Paz are identified and their actions are described in the police reports attached to Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment. (Doc. 35.) In her original Complaint, Sena named "John or Jane Doe Police Officers" as defendants. A plaintiff's lack of knowledge of defendants' names at the time of filing of the original complaint does not satisfy the mistake requirement of Rule 15(c)(3). *Garrett v. Fleming*, 362 F.3d 692, 696-97 (10th Cir. 2004). Moreover, Sena has made no showing that Pezzano and Paz had notice that they would be named as defendants before the expiration of the statute of limitations. The proposed amendment does not satisfy the requirements of Rule 15(c). The proposed amended complaint does not relate back to the original complaint so as to avoid the statute of limitations bar. The motion to amend complaint should be denied.

### B.     Defendants' Motion to Strike Jury Demand.

Defendants move to strike Sena's jury demand, arguing that it was untimely.  Rule 38(b) requires that a demand for jury trial of any issue be served within ten days after service of the "last pleading directed to such issue." FED. R. CIV. P. 38(b).  A party's failure to serve and file a jury demand as required by the rule results in that party's waiver of trial by jury.  FED. R. CIV. P. 38(d).

Sena's original Complaint did not include a jury demand.  The last pleading, the Answer by Garcia, was served by mail on August 30, 2002.  (Doc. 11.)  Sena served the jury demand by mail on November 14, 2002.  (Doc. 23.)  The jury demand was served more than ten days after the last pleading was served.  Because Sena served the jury demand over two months late, it was untimely and she waived her right to a trial by jury.  FED. R. CIV. P. 38(d).

Sena's right to a jury trial does not turn solely on Rule 38.  Under Rule 39(b), the Court has authority, upon motion, to grant a jury trial even where the demand is untimely, or where there is no demand at all.  FED. R. CIV. P. 39(b).  Rule 39(b) provides that "notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court, in its discretion and upon motion, may order a trial by a jury of any or all issues." *Id*.  Sena requests that the court exercise its discretion and grant her a jury trial.

My discretion under Rule 39(b) is broad.  *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980).  The Tenth Circuit has stated that "absent strong and compelling reasons to the contrary, a district court should exercise its discretion under Rule 39(b) and grant a jury trial." *Nissan Motor Corp. v. Burciaga*, 982 F.2d 408, 409 (10th Cir. 1992).  However, it is not an abuse of discretion to deny relief when the failure to make a timely jury demand results from nothing more than the mere inadvertance of the requesting party.  *Id*.  Only

4

where there is a clear abuse of discretion based on all the facts and circumstances will decisions granting or denying jury trials be reversed. *Paramount*, 621 F.2d at 1090.

Sena states that it became apparent on November 12, 2002, that issues of qualified immunity would need to be addressed before the case could be settled and that the case would almost certainly go to trial. After counsel realized the posture of the case, the jury demand was served the next day. I find that these reasons are insufficient to excuse Sena's failure to follow the Rule 38 (b) deadline. Exercising the discretion granted to me by Rule 39(b), I find that Sena's Rule 39(b) request for a jury trial should be denied. Defendants' motion to strike jury demand will be granted.

**WHEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion to Amend Complaint to Include Parties (Doc. 56), filed on March 1, 2004, is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike Jury Demand (Doc. 49), filed on January 23, 2004, is **GRANTED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**